IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THOMAS EDGAR LITTLE, JR., )
)
Plaintiff, )
)
v. ) CASE NO. 92-3130-RDR
)
ROBERT MATTHEWS, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the court on a civil rights action filed by an individual who was formerly incarcerated at the United States Penitentiary, Leavenworth, Kansas ("USPL"). The defendants are Bureau of Prisons employees who were assigned to USPL during plaintiff's incarceration there. Three of the defendants, Matthews, Hill, and Sandels, have filed a motion for dismissal (Doc. 31), and defendant Geouge has filed a motion to dismiss, or, in the alternative, for summary judgment (Doc. 33). Plaintiff has filed a response (Doc. 42) and a motion for partial summary judgment (Doc. 43).

### Factual Background

Plaintiff was serving a twenty year term for armed robbery at the time he was committed to USPL. He was transferred from that facility on April 4, 1989, to the Federal Correctional Institution, Marianna, Florida, and has since been released from confinement.

During plaintiff's incarceration at USPL, author Peter Earley obtained access to the facility to do research for a book on the institution. For approximately two years, Earley had

unrestricted access to inmates and staff there. The resulting book, *The Hot House: Life Inside Leavenworth Prison*, was published in 1992, and included material describing the relationship between plaintiff and another inmate, which was widely perceived by both staff members and the inmate population to be a homosexual union.

During his preparation of the manuscript, Earley corresponded with plaintiff, explaining the tenor of the material and offering to use a pseudonym for plaintiff. (Doc. 32, Earley Declaration, Ex. A.) Plaintiff declined this offer, and expressly authorized Earley to use his name in the published work. (Id., Ex. B.)

Following the publication of the book, plaintiff commenced this action, alleging the defendants and other unidentified employees made slanderous and libelous statements about him to Earley, conspired to violate his constitutional rights and to commit the torts of slander and libel, and that defendants made these statements knowing the information would place plaintiff in danger within the prison environment.

### Discussion

Insofar as plaintiff claims the defendants committed tortious acts, his remedy lies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The FTCA essentially provides a waiver of the federal government's sovereign immunity where United States employees are negligent in the scope of employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). This remedy is exclusive. 28 U.S.C. § 2679(b)(1). The

2

torts of slander, libel, and deceit, however, are excepted from the FTCA. 28 U.S.C. § 2680(h). Therefore, these claims must be dismissed.

Next, plaintiff's allegation of a conspiracy by the defendants to deprive him of his constitutional rights is unsupported. "To state a constitutional claim, plaintiff must do more than simply state a conclusion or engage in `artful pleading.'" Blinder, Robinson, & Co., v. SEC, 748 F.2d 1415, 1419 (10th Cir. 1984), cert. denied, 471 U.S. 1125, 105 S.Ct. 2655, 86 L.Ed.2d 272 (1985)(quoting Butz v. Economou, 438 U.S. 478, 507, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978)). Plaintiff has failed to allege specific facts showing the elements of a conspiracy, and conclusory allegations are insufficient to state a civil rights claim. Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). The claim of conspiracy therefore is properly dismissed.

Plaintiff's claim that defendants exposed him to danger by their remarks to Earley may be construed as a claim of failure to protect, which is cognizable under the Eighth Amendment. "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, ___ U.S. ___, ___, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994)(quotation omitted). See also, Northington v. Jackson, 973 F.2d 1518, 1525 (10th Cir. 1992)(failure to protect inmates rises to Eighth Amendment where prison officials exhibit obdurate, wanton disregard for inmate safety).

Generally, two standards apply when acts of prison officials are challenged under the Eighth Amendment. First, where daily conditions of confinement are at issue, a standard of

3

deliberate indifference is applied. This standard is appropriate in circumstances in which the conduct challenged need not be weighed against emergent conditions. The second standard applies where prison officials must act to resolve disturbances. There, due to the need to react quickly to restore order, the standard applied is whether officials acted only to restore order or acted "`maliciously and sadistically for the very purpose of causing harm.'" Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1084-85, 89 L.Ed.2d 251 (1986)(quoting Johnson v. Glick, 482 F.2d 1028, 1033 (2d Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)).

The facts of this matter show the appropriate standard to be one of deliberate indifference. Under Farmer, a prison official may be liable where the harm or risk to the inmate was sufficiently serious to implicate the Eighth Amendment, and the defendant official acts with deliberate indifference. Deliberate indifference, in turn, results where the official knows the conditions of confinement present a substantial risk of serious harm to the inmate but nevertheless fails to take any reasonable action to remedy the risk. Farmer, 114 S.Ct. at 1981.

The facts here do not support a finding of deliberate indifference. The link between any remarks made to Earley by defendants and subsequent danger to plaintiff is simply too tenuous to establish the defendants should have been aware of a significant risk to plaintiff's safety or of a need to take action to avert this risk.

Prison officials are not required to guarantee an inmate an assault-free prison environment, only reasonable good faith protection from harm. Berry v. City of Muskogee, 900 F.2d 1489,

4

1499 (10th Cir. 1990). Plaintiff has failed to provide any evidence which suggests he was denied reasonable protection following publication of *The Hot House*, and the court therefore concludes no triable issue of fact exists concerning this issue.

IT IS THEREFORE ORDERED this matter is hereby dismissed and all relief is denied.

DATED: This 21st day of April, 1995, at Topeka, Kansas.

/s/ RICHARD D. ROGERS
RICHARD D. ROGERS
United States District Judge